# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 14-753V
### (Not To be published)

```
* * * * * * * * * * * * * * * * * * * * * * * * *
                                    *
ELIZABETH MANNING,                  *     Filed: July 29, 2016
                                    *
                                    *
              Petitioner,           *
                                    *
                                    *     Vaccine Act Fees and Costs;
         v.                         *     Attorney Hourly Rates
                                    *
SECRETARY OF HEALTH AND             *
HUMAN SERVICES                      *
                                    *
              Respondent.           *
* * * * * * * * * * * * * * * * * * * * * * * * *
```

*Scott B. Taylor*, Milwaukee, WI, for Petitioner.
*Heather Pearlman*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING INTERIM ATTORNEYS' FEES AND COSTS

**HASTINGS,** *Special Master*.

     In this case under the National Vaccine Injury Compensation Program (hereinafter "the Program"[1]), Petitioner seeks, pursuant to 42 U.S.C. § 300aa-15(e)(1), an interim award for attorneys' fees and other costs incurred in attempting to obtain Program compensation. Petitioner seeks a total award of $93,037. After careful consideration, I have determined to grant the request in part.

---

[1]     The applicable statutory provisions defining the Program are found at 42 U.S.C. § 300aa-10 *et seq.* (2012 ed.). Hereinafter, for ease of citation, all "§" references will be to 42 U.S.C. (2012 ed.). The statutory provisions defining the Program are also sometimes referred to as the "Vaccine Act."

1

# I

# BACKGROUND LAW CONCERNING ATTORNEYS' FEES AND COSTS AWARDS

*A. General*

Special masters have the authority to award "reasonable" attorneys' fees and litigation costs in Vaccine Act cases. §300aa–15(e)(1). This is true even when a petitioner is unsuccessful on the merits of the case -- in such cases, a special master "may" award fees, if the petition was filed in good faith and with a reasonable basis. *Id*. "The determination of the amount of reasonable attorneys' fees is within the special master's discretion." *Saxton v. HHS,* 3 F.3d 1517, 1520 (Fed. Cir. 1993); *see also Shaw v. HHS,* 609 F.3d 1372, 1377 (Fed. Cir. 2010).

Further, as to all aspects of a claim for attorneys' fees and costs, the burden is on the *petitioner* to demonstrate that the attorneys' fees claimed are "reasonable." *Sabella v. HHS,* 86 Fed. Cl. 201, 215 (2009); *Hensley v. Eckerhart,* 461 U.S. 424, 437 (1983); *Rupert v. HHS,* 52 Fed. Cl. 684, 686 (2002); *Wilcox v. HHS,* No. 90–991V, 1997 WL 101572, at *4 (Fed. Cl. Spec. Mstr. Feb. 14, 1997). The petitioner's burden of proof to demonstrate "reasonableness" applies equally to *costs* as well as attorneys' fees. *Perreira v. HHS,* 27 Fed. Cl. 29, 34 (1992), *aff'd,* 33 F.3d 1375 (Fed. Cir. 1994).

One test of the "reasonableness" of a fee or cost item is whether a hypothetical petitioner, who had to use his own resources to pay his attorney for Vaccine Act representation, would be willing to pay for such expenditure. *Riggins v. HHS,* No. 99–382V, 2009 WL 3319818, at *3 (Fed. Cl. Spec. Mstr. June 15, 2009), *aff'd by unpublished order* (Fed. Cl. Dec. 10, 2009), *aff'd,* 406 Fed. App'x. 479 (Fed. Cir. 2011); *Sabella v. HHS,* No. 02–1627V, 2008 WL 4426040, at *28 (Fed. Cl. Spec. Mstr. Aug. 29, 2008), *aff'd in part and rev'd in part,* 86 Fed. Cl. 201 (2009). In this regard, the United States Court of Appeals for the Federal Circuit has noted that:

> [i]n the private sector, 'billing judgment' is an important component in fee setting. It is no less important here. Hours that are not properly billed to one's *client* also are not properly billed to one's *adversary* pursuant to statutory authority.

*Saxton*, 3 F.3d at 1521 (emphasis in original) (quoting *Hensley*, 461 U.S. at 433–34). Therefore, in assessing the number of hours reasonably expended by an attorney, the court must exclude those "hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434; *see also Riggins*, 2009 WL 3319818, at *4.

The Federal Circuit has also made clear that special masters may rely on their prior experience in making reasonable fee determinations, without conducting a line-by-line analysis of the fee bill, and are not required to rely on specific objections raised by respondent. *See Saxton*, 3 F.3d at 1521; *Sabella*, 86 Fed. Cl. 201, 209 (2009); *see also Wasson v. HHS*, 24 Cl. Ct. 482, 484, 486 (1991), *aff'd*, 988 F.2d 131 (Fed. Cir. 1993) (holding that, in determining a reasonable number of hours expended in any given case, a special master may rely on her experience with the Vaccine Act and its attorneys, without basing his decision on a line-by-line

examination of the fee application). A unanimous Supreme Court has articulated a similar holding:

> We emphasize, as we have before, that the determination of fees "should not result in a second major litigation." The fee applicant (whether a plaintiff or a defendant) must, of course, submit appropriate documentation to meet "the burden of establishing entitlement to an award." But trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must give substantial deference to these determinations, in light of "the district court's superior understanding of the litigation." We can hardly think of a sphere of judicial decisionmaking in which appellate micromanagement has less to recommend it.

*Fox v. Vice*, 563 U.S. 826, 838 (2011) (internal citations omitted).

### B. "Interim" awards

In *Avera v. HHS*, 515 F. 3d 1343, 1352 (2008), the U.S. Court of Appeals for the Federal Circuit indicated that an award of "interim" fees and costs -- that is, an award *prior* to the entry of a final judgment on the initial question of whether the petitioner is entitled to compensation for the alleged vaccine injury -- can be appropriate in Vaccine Act cases. The Federal Circuit gave the same indication again in *Shaw v. HHS*, 609 F. 3d 1372, 1373-4 (2010). The *Avera* court did not specify all the factors to be considered in determining in what circumstances an interim award is appropriate, seemingly leaving that issue to the special master's discretion. But the court did indicate that among the factors to be considered are whether the proceedings in the case have been "protracted," whether "costly experts" must be retained, and whether "undue hardship" would result from failure to make an interim award. 515 F. 3d at 1352.

## II

## PROCEDURAL HISTORY OF THIS CASE

The Petitioner, Elizabeth Manning, filed this petition on August 19, 2014. (Petition, ECF No. 1.) The case was originally assigned to Special Master Christian Moran. Proceedings were held before Special Master Moran, including an extensive (though unsuccessful) mediation effort to settle the case. In the course of those proceedings, two expert reports were filed on behalf of Petitioner, along with many other documents.

The case was reassigned to my docket on February 29, 2016. (ECF No. 40.) An evidentiary hearing concerning the "causation" issue has been scheduled for January of 2017.

On March 21, 2016, Petitioner filed an application seeking "interim" attorneys' fees and costs incurred in her attempt to gain compensation in this proceeding. (ECF No. 42.) She seeks a total of $93,037 in fees and costs. Respondent filed a short Response on April 7, 2016, arguing

generally that I should award a reduced amount, but offering no substantial analysis of the application. (ECF No. 45.)  The Respondent takes the position that the Vaccine Act does not contemplate a "role for Respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs," (*id.*, p. 2), and requests that the special master "exercise his discretion" in determining a reasonable award (*id.*, p. 4).

### III

### AN AWARD OF INTERIM FEES IS APPROPRIATE IN THIS CASE AT THIS TIME

Respondent's Response in this case deferred, to my discretion, the issue of whether an interim award is appropriate. (R. Resp., p. 3.)  I find that an award is appropriate here.[2]

In this case, attorney Taylor has been working on the case since August of 2013 (see ECF No. 42-3); an evidentiary hearing on the "causation" issue is not scheduled until January of 2017; and the litigation may continue well after that date, especially if Petitioner qualifies for an award, in which case an appropriate *amount* of the award would need to be determined.  Thus, this proceeding is fairly described as "protracted."  As for hardship, the Petitioner herself has borne nearly $5000 in out-of-pocket costs, and counsel has thus far borne over $20,000 in costs, both involving expert fees, with considerably more likely.

Under all the circumstances of this case, I find an interim award to be appropriate at this time.

### IV

### AMOUNT OF THE AWARD

*A.  Attorney's hourly rate*

In this case, attorney Taylor has billed only his own attorney services (no billing for associate attorneys or paralegals).  According to his own declaration, Mr. Taylor has practiced law since 1992, in a variety of areas of legal work. (ECF No. 42-1, pp. 2-3.)  Since 2008 he has handled a number of Vaccine Act cases, bringing five cases to "successful conclusion," with three cases currently in litigation. (*Id.*, p. 3.)

Mr. Taylor states that his standard hourly rate for 2013 was $375 per hour; $390 for 2014; $400 for 2015; and $410 for 2016. (ECF No. 42-1.)  He seeks those hourly rates for his work in this case.

In a recent decision, Special Master Gowen provided a detailed discussion of this issue of attorney hourly rates in the Program.  *McCulloch v. HHS*, No. 09-293V, 2015 WL 5634323 (Fed.

---

[2] I find that this case was filed, and has been prosecuted, in good faith and with a reasonable basis.

Cl. Spec. Mstr. Sept. 1, 2015). The special master determined a range of hourly rates for Vaccine Act attorneys with varying amounts of legal experience, if such counsel qualify for the Washington D.C. "forum rate."[3] (*Id*. at \*19.) I find his discussion and his range of hourly rates to be persuasive. Other special masters in recent months have also adopted *McCulloch's* range of hourly rates. *E.g.*, *Ericzon v. HHS*, No. 10-103V, 2016 WL 447770, at \*2-3 (Fed. Cl. Spec. Mstr. Dorsey Jan. 15, 2016); *Avchen v. HHS*, No. 14-279V, 2015 WL 9595415, at \*2 (Fed. Cl. Spec. Mstr. Moran Dec. 4, 2015); *Houck v. HHS*, No. 11-509V, 2015 WL 9259889, at \*1-2 (Fed. Cl. Spec. Mstr. Hamilton-Friedman Nov. 25, 2015); *Tomlinson v. HHS*, No. 13-736V, 2015 WL 7068558, at \*3 (Fed. Cl. Spec. Mstr. Millman Oct. 23, 2015); *Dixon v. HHS*, No. 13-022V, 2015 WL 8718278, at \*2 (Fed. Cl. Spec. Mstr. Corcoran Nov. 23, 2015); see also *Mehner v. HHS*, No. 14-432V, 2016 WL 3944703, at \*3 (Fed. Cl. Spec. Mstr. Roth June 24, 2016) (citing *McCulloch* as support for her awarded rate of fees).

In this case, attorney Taylor, in terms of overall legal experience, qualifies for the highest range set forth in *McCulloch*, for attorney with more than 20 years of legal experience. I must, however, determine an appropriate hourly rate for Mr. Taylor *within* that range of $350 to $425 per hour. In *McCulloch*, the special master indicated that in choosing within that range, the key factors were the *quality of work* displayed by that counsel in the case in question and in prior Vaccine Act cases, along with experience in *Vaccine Act* cases. (2015 WL 5634323 at \*19-21.) In *McCulloch*, the three attorneys to whom the special master awarded $400 or more per hour had spent virtually *all* of their time for 17 years or more on Vaccine Act cases, and they had displayed a consistently high quality of work. (*Id*.)

In this case, my review of the file indicates that attorney Taylor has done a creditable job thus far in this case. Further, he does have *some* Vaccine Act experience since 2008, as noted above. Yet his *Vaccine Act experience* is far less than the attorneys awarded $400 or more in *McCulloch*.

---

[3] In *Avera*, the court provided that all attorneys in Vaccine Act cases receive the Washington, D.C. "forum rate," unless prevailing attorney hourly rates in the city where the attorney practices are less than the Washington D.C. rates by a "very significant" amount. (515 F. 3d at 1349.) If there is such a "very significant" difference, the "*Davis* exception" to the forum rate rule is said to apply, and the attorney is compensated at his local city rates rather than the forum rate. (*Id*.) In this case, the only substantial evidence in the record concerning attorney rates in Mr. Taylor's home city of Milwaukee is (1) the fact that attorney Taylor was awarded $350 per hour in a federal case in 2012 by a U.S. District Judge of the Eastern District of Wisconsin (ECF No. 42-1, p. 6); (2) the representation of Mr. Taylor that the cost of living in the Milwaukee area is significantly higher than elsewhere in the state of Wisconsin (*id*., p. 8.); and (3) the affidavits of two experienced Milwaukee attorneys that the rates charged by Mr. Taylor are within the typical hourly rates charged in the Milwaukee area (ECF Nos. 42-7, 42-8). Based on that evidence, I conclude that Milwaukee rates do not seem to be "very significantly" less than DC rates, so I find that Mr. Taylor qualifies for the "forum rate" in this case.

Accordingly, taking all relevant factors into account for the work covered by this application for attorneys' fees, I will award attorney Taylor $350 per hour for his work in 2013, $365 for his work in 2014, $375 for his work in 2015, and $385 for his work in 2016.[4]

### B. *Hours billed*

The hours billed appear reasonable.

### C. *Costs*

I have studied the costs claimed, by both the Petitioner herself (ECF No. 42-1, pp. 9-10), and by counsel (ECF No. 42-1, pp. 10-12; ECF No. 42-4; ECF No. 42-5), and they appear reasonable. They will be awarded.

### D. *Summary*

1) Attorneys' fees of Mr. Taylor

| Year | Hours × Rate | | Total |
|------|--------------|---|-------|
| 2013 | 2.6 hours x $350 | = | $910.00 |
| 2014 | 50.5 hours x $365 | = | $18,432.50 |
| 2015 | 102 hours x $375 | = | $38,250.00 |
| 2016 | 15.2 hours x $385 | = | $5,852.00 |

2) Counsel's costs = $20,638.69

3) Petitioner's costs = $4,696.65

Total interim award = $88,779.84

## V

## CONCLUSION

For the reasons set forth above, I award interim attorneys' fees and costs in this case as follows.

- The amount of $4,696.65 shall be awarded in the form of a check payable to Petitioner.
- The amount of $84,083.19 shall be awarded in the form of a check payable jointly to Petitioner and Petitioner's counsel of record.

The Clerk of this Court shall enter judgment accordingly.

---

[4] I have not been able to locate any published decisions awarding attorneys' fees to Mr. Taylor.

**IT IS SO ORDERED.**

/s/ George L. Hastings, Jr.
George L. Hastings, Jr.
Special Master