# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**

Filed: August 6, 2021

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| E.M., | * | No. 14-753V |
| | * | |
| Petitioner, | * | Special Master Sanders |
| | * | |
| v. | * | |
| | * | |
| SECRETARY OF HEALTH | * | Order; Motion for Redaction; Ruling |
| AND HUMAN SERVICES, | * | on Entitlement; Influenza ("Flu") Vaccine; |
| | * | Small Fiber Neuropathy; Small Vessel |
| Respondent. | * | Vasculitis; Molecular Mimicry |
| * * * * * * * * * * * * * | | |

*Scott B. Taylor*, Urban & Taylor, S.C., Milwaukee, WI, for Petitioner.
*Voris E. Johnson*, United States Department of Justice, Washington, D.C., for Respondent.

## ORDER GRANTING MOTION TO REDACT[1]

On August 19, 2014, E.M. ("Petitioner") filed a petition for compensation in the National Vaccine Injury Compensation Program ("the Program").[2] ECF No. 1. Petitioner alleged that the influenza ("flu") vaccine she received on August 23, 2011, caused her to suffer from small fiber neuropathy and small vessel vasculitis. *Id.* at 1.

On July 9, 2021, I issued a Decision awarding entitlement on Petitioner's small fiber neuropathy claim. ECF No. 94. Petitioner has now requested, pursuant to Vaccine Rule 18(b), that I redact portions of the Decision, including her name, the identity of her mother, and information relating to her employer and educational institutions, which could reveal her identity. *See* Pet'r's Mot. at 1, ECF No. 95; *see also* Pet'r's Mem. at 10, ECF No. 96.

I.  **Relevant Procedural History**

---

[1] This Order shall be posted on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Order will be available to anyone with access to the Internet**. In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information that satisfies the criteria in § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted Order. If, upon review, the undersigned agrees that the identified material fits within the requirements of that provision, such material will be deleted from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755 ("the Vaccine Act" or "Act"). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

On July 22, 2021, Petitioner timely filed a motion for redaction and supporting memorandum and affidavit. *See* Pet'r's Mot.; Pet'r's Mem.; Pet'r's Ex. 87, ECF No. 99-1. Petitioner requested that I redact her name to initials. Pet'r's Mot. at 1. As support for her request, Petitioner argued that "revealing publicly the nature and extent of the autoimmune injury [she] suffered . . . has a high probability of adversely affecting [her] current and future employment prospects and opportunities for advancement in her profession." *Id.* Petitioner indicated that she has "made the choice to keep the fact of her condition strictly confidential and has only revealed her condition and disability to a select few individuals at her current employer[.]" Pet'r's Ex. 87 at 2; *see also* Pet'r's Mem. at 6. Petitioner explained that she has kept her condition confidential "out of concern for her employment and the prospect of advancement at her firm and/or other future employment opportunities in the legal profession." *See id.*

Petitioner expressed that by revealing the difficulties she experiences "in keeping up with her rigorous demands of her position[,]" she is concerned about "the perception that colleagues, coworkers, and clients may form if they learn of her autoimmune disorder." Pet'r's Mem. at 5–6. Petitioner argued that "[i]f [her] condition is known to others, some of [her] colleagues may . . . select[] another associate to perform a last minute or late-night project." Pet'r's Ex. 87 at 3. Similarly, she argued that revealing her diagnosis "may cause partners to be concerned about [her] ability to . . . execute any number of tasks independently in high stress/pressure situations." *Id.* at 2–3. She further argued that "potential clients may choose not to retain [her] . . . if they believe that [she] is limited by [her] health condition." *Id.* at 3. Regarding her future employment prospects, Petitioner argued that if the information concerning her diagnosis is made public, "potential employers will hesitate to hire [her] to handle litigation if they believe that [her] health condition will prevent [her] from performing sufficiently or from working the hours/demands that are required." *Id.* at 3–4. Petitioner argued that such disclosures affecting her employment would negatively impact her financial well-being and ability to provide for her family. Pet'r's Mem. at 9.

Petitioner requested that I refer to her mother, who provided witness testimony, by her initials. *See id.* at 2, 10. Petitioner argued such redaction is necessary "in order to avoid Petitioner's identity from being associated with [my ruling on entitlement.]" *Id.* at 10. As support, Petitioner indicated that her mother is "a well-known attorney . . . [and c]olleagues at Petitioner's employer would [] be able to identify [] Petitioner as being associated with the instant matter if [her] mother were to be identified." *Id.* Petitioner also requested that I redact references to her current employer and past educational institutions, including her age, year of graduation, the date she began her current employment, and the location of her practice, which could reveal the identity of Petitioner. *Id.* at 2, 10. In the alternative, Petitioner asked that I refer to such institutions with general names. *Id.* at 10. Petitioner argued that such redactions or changes would "avoid colleagues or other individuals [from] being able to couple the name of [her] employer with other identifying information in the [D]ecision that will allow the identification of Petitioner." *Id.*

Respondent filed a response to Petitioner's motion on July 29, 2021. Resp't's Resp., ECF No. 101. Respondent did not take a position on Petitioner's motion but rather deferred to my judgment. *See id.* at 4, 5. Respondent stated that my "analysis should focus on whether redaction of the requested information strikes an appropriate balance between [P]etitioner's privacy interest in the information and the public's interest in the Decision." *Id.* at 1. Respondent discussed the standards underlying redaction decisions, citing *Langland v. Sec'y of Health & Hum. Servs.*, No.

07-36V, 2011 WL 802695 (Fed. Cl. Spec. Mstr. Feb. 3, 2011), *mot. for rev. denied on non-relevant grounds*, 109 Fed. Cl. 421 (2013) and *W.C. v. Sec'y of Health & Hum. Servs.*, 100 Fed. Cl. 440 (2011), *aff'd on non-relevant grounds*, 704 F.3d 1352 (Fed. Cir. 2013). *Id.* at 2–3. Petitioner did not file a reply.

This matter is now ripe for consideration.

## II.   Applicable Legal Standard

Pursuant to the Vaccine Act, once a special master issues a decision or ruling, any information contained therein will become public. 42 U.S.C. § 300aa-12(d)(4). The parties, however, can request redaction of "medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." § 300aa-12(d)(4)(B)(ii); *accord* Vaccine Rule 18(b). Although the Vaccine Rules mandate the redaction of minors' names, adult petitioners' names are not automatically redacted. *E.g.*, *M.W. v. Sec'y of Health & Hum. Servs.*, No. 18-267V, 2021 WL 1594218, at *1. (Fed. Cl. Spec. Mstr. Mar. 31, 2021). An adult petitioner may have her name redacted if she establishes sufficient grounds for such. *Id.*

There are differing interpretations of how strict the standard for obtaining redaction should be. *Compare Langland*, 2011 WL 802695, at *6 (stating "a party requesting redaction of medical information must satisfy a substantial burden to demonstrate a right to redaction."), *with W.C.*, 100 Fed. Cl at 461 (stating that  a petitioner's "interest must be weighed against the government's interest in public disclosure[]" and that "where '[t]here is no relevant public purpose to be weighed against [a] threatened invasion[,]' . . . *any* invasion of privacy threatened by disclosure . . . is 'clearly unwarranted.'") (citation omitted) (emphasis in original). Regardless of which standard applies, the Vaccine Act's use of the phrase "clearly unwarranted invasion of privacy" to define the type of information suitable for redaction requires a petitioner "to make *some* showing to justify the relief of redaction[.]"  *R.V. v. Sec'y of Health & Hum. Servs.*, No. 08-504V, 2016 WL 3776888, at *2 (Fed. Cl. Spec. Mstr. May 10, 2016) (citing *W.C.*, 100 Fed. Cl. at 460) (emphasis in original).

## III.   Analysis

In this case, I find that Petitioner has shown that redaction of her name, her mother's name, and references to the name and information of her current employer and past educational institutions is appropriate. Petitioner's basis for such request is that by concealing her identity, "[s]uch redactions will protect her professional reputation and opportunity for advancement in the legal field without impacting the public's ability to understand the reasoning underlying the special master's [July 9, 2021] Decision." Pet'r's Mem. at 2. Prior decisions indicate that redaction of a petitioner's name from publicly available decisions is appropriate when there is a potential adverse impact on employment. *See M.A. v. Sec'y of Health & Hum. Servs.*, No. 18-0103V, 2020 WL 7137075 (Fed. Cl. Spec. Mstr. Aug. 21, 2020) (granting request for redaction of a petitioner's name to initials "to protect his financial security and current and future employment[]" out of concern that his employment would be affected if his employer became aware of the extent of his injury.); *P.M. v. Sec'y of Health & Hum. Servs.*, No. 16-949V, 2019 WL 8013921 (Fed. Cl. Spec. Mstr. Oct. 25, 2019) (granting request for redaction of a petitioner's name to initials because public disclosure of his health condition would "negatively affect his current and future employment.");

*K.L. v. Sec'y of Health & Hum. Servs.*, No. 12-312V, 2015 WL 11387761 (Fed. Cl. Spec. Mstr. Oct. 30, 2015) (finding that a petitioner made a sufficient showing for redaction by indicating how the redacted information might harm her future employment interests.); *N.W. v Sec'y of Health & Hum. Servs.,* No. 07-93V, 2018 WL 5851061 (Fed. Cl. Spec. Mstr. Jul. 13, 2018) (granting a petitioner's motion for redaction finding that the petitioner's particular professional and educational concerns outweighed the competing interest in disclosure.).

Furthermore, the public's ability to understand the reasoning underlying my Decision will not be impacted by redacting the names or employment and educational information at issue. *See W.C.*, 100 Fed. Cl. at 461 (determining that "[the petitioner's] identity has no effect on the public's awareness of vaccines and their potential risks."). Therefore, I grant Petitioner's request to refer to her and her witness by their initials in my public Decision. I further grant Petitioner's request to redact or otherwise refer to her current employer and past educational institutions, including her age and year of graduation, in general, non-identifiable terms, to further conceal her identity.

### IV. Conclusion

For the reasons set forth above, I hereby determine that Petitioner has established grounds for redaction of her name, witness' name, and information relating to her current employer and past educational institutions in the Decision issued on July 9, 2021. Accordingly, Petitioner's motion for redaction is hereby **GRANTED**. Thus, the public version of the Decision shall be redacted to include only Petitioner's initials, the witness' initials, and general, non-identifiable information relating to her current employer and past educational institutions. Moreover, the Clerk of Court is directed to change the caption of this case to the caption above.

**IT IS SO ORDERED.**

s/Herbrina D. Sanders
Herbrina D. Sanders
Special Master
