# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: June 30, 2025

| | | |
|---|---|---|
| E.M., | * | |
| Petitioner, | * | No. 14-753V |
| v. | * | Special Master Young |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | * | |
| Respondent. | * | |

*Scott B. Taylor*, Urban & Taylor, S.C., Milwaukee, WI, for Petitioner.
*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, for Respondent.

## DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

On August 19, 2014, E.M. ("Petitioner") filed a petition for compensation pursuant to the National Vaccine Injury Compensation Program. 42 U.S.C. § 300aa-10 to -34 (2018)[2] (the "Vaccine Act" or "Program"). Petitioner alleged that she received the influenza ("flu") vaccine on August 23, 2011, and as a result suffered from small fiber neuropathy. Pet. at Preamble, ECF No. 1. On July 9, 2021, I issued a ruling finding Petitioner was entitled to compensation. ECF No. 94. On February 13, 2024, I issued a damages decision based on a proffer. ECF No. 160.

On March 21, 2016, Petitioner filed a motion for interim attorneys' fees and costs, requesting $93,037 in interim fees and costs. ECF No. 42. On July 29, 2016, Petitioner's motion for interim fees was granted in part, awarding $88,779.84 (reductions were made for Mr. Taylor's hourly rates). ECF No. 49.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755.

On April 17, 2024, Petitioner filed a final motion for attorneys' fees and costs. Pet'r's Mot., ECF No. 174. Petitioner requests total attorneys' fees and costs in the amount of $400,254.89, representing $271,179.20 in attorneys' fees and $129,075.69 in attorneys' costs. Pet'r's Mot. at 9. Pursuant to General Order No. 9, Petitioner indicates that she has not personally incurred any costs in pursuit of her petition. ECF No. 175. Respondent responded to the motion on April 18, 2024, stating that Respondent "is satisfied that the statutory requirements for an award of attorneys' fees and costs are met in this case" and asking the Court to "exercise its discretion and determine a reasonable award for attorneys' fees and costs." Resp't's Resp. at 2–3, ECF No. 176. Petitioner filed a reply the same day. Pet'r's Reply, ECF No. 177. This matter is now ripe for adjudication.

## I.    Reasonable Attorneys' Fees and Costs

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1). If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic. *Id.*; *see Sebelius v. Cloer*, 133 S. Ct. 1886, 1891 (2013). However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed. § 15(e)(1).

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act. *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1348 (Fed. Cir. 2008). This is a two-step process. *Id.* First, a court determines an "initial estimate . . . by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'" *Id.* at 1347–48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings. *Id.* at 1348.

It is "well within the special master's discretion" to determine the reasonableness of fees. *Saxton v. Sec'y of Health & Hum. Servs.*, 3 F.3d 1517, 1521–22 (Fed. Cir. 1993); *see also Hines v. Sec'y of Health & Hum. Servs.*, 22 Cl. Ct. 750, 753 (1991) ("[T]he reviewing court must grant the special master wide latitude in determining the reasonableness of both attorneys' fees and costs."). Applications for attorneys' fees must include contemporaneous and specific billing records that indicate the work performed and the number of hours spent on said work. *See Savin v. Sec'y of Health & Hum. Servs.*, 85 Fed. Cl. 313, 316–18 (2008). Such applications, however, should not include hours that are "'excessive, redundant, or otherwise unnecessary.'" *Saxton*, 3 F.3d at 1521 (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

Reasonable hourly rates are determined by looking at the "prevailing market rate" in the relevant community. *See Blum*, 465 U.S. at 895. The "prevailing market rate" is akin to the rate "in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895, n.11. Petitioners bear the burden of providing adequate evidence to prove that the requested hourly rate is reasonable. *Id.*

### A.    Hourly Rate

The decision in *McCulloch* provides a framework for consideration of appropriate ranges for attorneys' fees based upon the experience of the practicing attorney. *McCulloch v. Sec'y of*

2

*Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015), *motion for recons. denied*, 2015 WL 6181910 (Fed. Cl. Spec. Mstr. Sept. 21, 2015). The Court has since updated the *McCulloch* rates, and the Attorneys' Forum Hourly Rate Fee Schedules can be accessed online.[3]

Petitioner requests the following rates of compensation for the work of her counsel, Mr. Scott Taylor: $385.00 per hour for work performed in 2016 and 2017, $395.00 per hour for work performed in 2018, $404.00 per hour for work performed in 2019, $422.00 per hour for work performed in 2020, $444.00 for work performed in 2021, $458.00 per hour for work performed in 2022, $482.00 per hour for work performed in 2023, and $538.00 per hour for work performed in 2024.

These rates are consistent with what counsel has previously been awarded for his Vaccine Program work and the I find them to be reasonable herein. *See Isaacson v. Sec'y of Health & Hum. Servs.*, No. 14-1056V, 2021 WL 4596110 (Fed. Cl. Spec. Mstr. Sept. 7, 2021); *LaMacchia v. Sec'y of Health & Hum. Servs.*, No. 19-0860V, 2022 WL 1210400 (Fed. Cl. Spec. Mstr. Mar. 23, 2022); *Long v. Sec'y of Health & Hum. Servs.*, No. 22-1559V, 2024 WL 3345172 (Fed. Cl. Spec. Mstr. June 6, 2024)

### B.   Reasonable Number of Hours

Attorneys' fees are awarded for the "number of hours reasonably expended on the litigation." *Avera,* 515 F.3d at 1348. Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton,* 3 F.3d at 1521 (quoting *Hensley v. Eckerhart,* 461 U.S. 424, 434 (1983)).

Upon review, I find the overall hours billed to be reasonable. Counsel has provided sufficiently detailed descriptions for the tasks performed, and upon review, I do not find any of the billing entries to be unreasonable. Accordingly, Petitioner is entitled to final attorneys' fees in the amount of $271,179.20.

### C.   Costs

Like attorneys' fees, a request for reimbursement of attorneys' costs must be reasonable. *Perreira v. Sec'y of Health & Hum. Servs.,* 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Fees for experts are subject to the same reasonableness standards as fees for attorneys. *Baker v. Sec'y of Health & Human Servs.*, No. 99-653, 2005 WL 589431 at *1 (Fed. Cl. Spec. Mstr. Feb. 24, 2005). Petitioner requests a total of $129,075.69 in attorneys' costs. This amount is primarily comprised of expert fees from Dr. Lawrence Steinman, Dr. Mark McNulty, Dr. Leonard Matheson, and Dr. Kelly Deeker, and other litigation costs. Pet'r's Mot. at 5.

Petitioner requests reimbursement of $51,919.00 for the services of Dr. Steinman. I find his hourly rates and hours spent on work for this case to be reasonable. However, Dr. Steinman's

---

[3] The OSM Fee Schedules are available at https://www.uscfc.uscourts.gov/osm-attorneys-forum-hourly-rate-fee-schedules. The hourly rates contained within the schedules are updated from the decision in *McCulloch*, 2015 WL 5634323.

costs warrant a reduction. Dr. Steinman stayed at The W Hotel Chicago (now The Midland Hotel) for the hearing at a rate of $739.00, $690.00, and $406.00 per night. Pet'r's Ex. F at 1–2. This nightly rate exceeds the federal government per diem rate for a hotel stay in Chicago in July 2019, which was $183.00 per night.[4] Accordingly, I will award the 2019 per diem nightly rate for Dr. Steinman's hotel stay, plus any applicable state and local taxes. This results in a reduction of $1,286.00.[5] While Dr. Steinman flew first-class, he only requested 50% of what he paid for his flight. Accordingly, I will reimburse Petitioner for 50% of Dr. Steinman's flight expenses as requested. *See Digerolamo v. Sec'y of Health & Hum. Servs.*, No. 16-0920, 2019 WL 4305792, at *4 (Fed. Cl. Spec. Mstr. June 28, 2019) (finding first-class travel is not considered a reasonable expense and the Vaccine Program does not compensate for first-class airfare); *White v. Sec'y of Health & Hum. Servs.*, No. 15-1521V, 2020 WL 6728920, at *5 (Fed. Cl. Spec. Mstr. Oct. 13, 2020) (awarding Dr. Steinman 50% of his first-class airfare).

Petitioner requests $29,000.00 for the services of Dr. Matheson, $23,313.00 for the services of Dr. Deeker, and $9,480.00 for the services of Dr. McNulty. These costs have been supported with the necessary documentation and are reasonable and therefore will be awarded. However, I remind Mr. Taylor that, as articulated in *Floyd v. Sec'y of Health & Hum. Servs.*, a request for expert costs should mirror that of an attorneys' fees, and experts should submit invoices that detail with particularity the amount of time spent on each task. No. 13-556V, 2017 WL 1344623 (Fed. Cl. Spec. Mstr. Mar. 2, 2017). A failure to do so may result in a reduction of hours awarded. Dr. McNulty's invoice fails to include detailed entries illustrating each task. While I strongly suggest that Dr. McNulty provide more detailed invoices of his work performed in any future cases in this Program, I find that his overall time billed in the invoice was reasonable. Therefore, I award Dr. McNulty the full amount billed in his invoice.

The remaining litigation costs total $15,545.69 and are associated with expert retainer fees, medical records, photocopies, postage costs, the hearing transcript, a "treatise," and travel expenses. The billing records reflect that during Mr. Taylor's trip to Chicago in July 2019, he stayed at The Blackstone, Autograph Collection hotel at a rate of $334.00 and $232.00 per night. Pet'r's Ex. D at 7. This nightly rate exceeds the federal government per diem rate for a hotel stay in Chicago in July 2019, which was $183.00 per night.[6] Accordingly, I will award the 2019 per diem nightly rate for Mr. Taylor's hotel stay, plus any applicable state and local taxes. This results in a reduction of $200.00.[7]

Mr. Taylor requests reimbursement for the purchase ("Pre-Order Special") of the Am Law 200 – 2022 Edition, which he categorized as a "treatise" in his itemization of expenses. Pet'r's Ex. C at 1; Pet'r's Ex. D at 24–25. However, Am Law 200 is not a treatise and there is no supporting evidence to show why the purchase of this was necessary for the litigation of Petitioner's claim. Therefore, I will not award this expense. This results in a reduction of $1,799.00.

---

[4] See GSA FY 2019 Per Diem Rates for Chicago, Illinois at *https://www.gsa.gov/travel/plan-a-trip/per-diem-rates/per-diem-files*.

[5] This amount is calculated as ($739.00 - $183.00 per diem) + ($690.00 - $183.00 per diem) + ($406.00 - $183.00 per diem) = $1,286.00.

[6] *See supra* note 4.

[7] This amount is calculated as ($334.00 - $183.00 per diem) + ($232.00 - $183.00 per diem) = $200.00.

4

Accordingly, Petitioner is entitled to final attorneys' costs in the amount of $125,790.69.

## II.  Conclusion

In accordance with the Vaccine Act, 42 U.S.C. §15(e) (2018), I have reviewed the billing records and costs in this case and finds that Petitioner's request for fees and costs is reasonable. Based on the above analysis, I find that it is reasonable to compensate Petitioner and her counsel as follows:

| | |
|---|---|
| Attorneys' Fees Requested | **$271,179.20** |
| (Reduction to Fees) | - |
| **Total Attorneys' Fees Awarded** | **$271,179.20** |
| | |
| Attorneys' Costs Requested | **$129,075.69** |
| (Reduction to Costs) | **($3,285.00)** |
| **Total Attorneys' Costs Awarded** | **$125,790.69** |
| | |
| **Total Attorneys' Fees and Costs** | **$396,969.89** |

**Accordingly, I award a lump sum in the amount of $396,969.89, representing reimbursement for Petitioner's attorneys' fees and costs, to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[8]

**IT IS SO ORDERED**.

s/Herbrina D.S. Young
Herbrina D.S. Young
Special Master

---

[8] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.